JON M. SANDS
Federal Public Defender
**CYNTHIA YIALIZIS** #030987
Assistant Federal Public Defender
**ELIZABETH HANNAH** #038868
Assistant Federal Public Defender
407 W. Congress St. Ste 501
Tucson, Arizona 85706
Telephone: (520) 879-7500
*Attorneys for Defendant*
cynthia_yializis@fd.org
*Elizabeth_Hannah@fd.org*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 4:24-cr-02540-TUC-RCC (BGM) |
| Plaintiff, | **RESPONSE TO 404(b) NOTICE** |
| vs. | |
| Robert Alan Wittenberg, | (Oral Argument Requested) |
| Defendant. | |

Robert Alan Wittenberg, by and through undersigned counsel, respectfully responds to the Government's Notice of Intent to Use Other Act Evidence pursuant to Fed R. Evid. 404(b) filed on November 6, 2025 (Doc. 52), and the Supplement filed on November 7, 2025 (Doc. 53).

## I.    Relevant Facts

On September 25, 2023, Special Agent (SA) Tisch of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) was assigned to investigate numerous firearm purchases made by Mr. Wittenberg after two of these firearms were recovered in police investigations. SA Tisch responded to the address Mr. Wittenberg used on the ATF Form 4473 ("Firearms Transaction Record"), which was a residence located on Flores Dr. in Tucson, AZ. When SA Tisch arrived at this residence, he made contact with a woman

named Dahlia Wilcox. The conversation was recorded. Ms. Wilcox told SA Tisch that she is Mr. Wittenberg's grandmother and that Mr. Wittenberg lives with his mother. Mr. Wittenberg last stayed with Ms. Wilcox four years ago, but he used her residence as a mailing address. SA Tisch asked Ms. Wilcox if Mr. Wittenberg had a job. She initially said no and then stated that he helps his stepfather with cars. Ms. Wilcox provided SA Tisch with Mr. Wittenberg's phone number, and she advised that Mr. Wittenberg was staying with his mother at a residence located on Richey Blvd.

SA Tisch responded to an address on Richey Blvd. that he believed to be associated with Mr. Wittenberg. The property at this address has several apartment-style residences. When SA Tisch arrived, he knocked on the wrong door and spoke with a tenant, who had to direct SA Tisch to the correct apartment where Mr. Wittenberg was staying with his mother. This conversation was recorded. SA Tisch then knocked on the correct door and made contact with Mr. Wittenberg. SA Tisch proceeded to ask Mr. Wittenberg questions. This conversation was not recorded beyond the introductions because SA Tisch's recorder stopped working for "unknown reasons."

SA Tisch's report summarizes his conversation with Mr. Wittenberg. He notes that Mr. Wittenberg advised him that he purchased "about" 20 firearms recently, and that he sold "approximately" five of them. Mr. Wittenberg could not recall which ones he sold, and SA Tisch did not ask for any details regarding these transactions. SA Tisch asked to see the remaining firearms, which Mr. Wittenberg reported were stored in a recreational vehicle 85 miles away. Mr. Wittenberg allegedly said that the firearms were being purchased for a doomsday scenario and that he was a "prepper.'

Mr. Wittenberg's mother, Jamie Quintero, participated in the interview when Mr. Wittenberg was asked about his annual income. Mr. Wittenberg reported that his annual income was approximately $5,000.00, and that he also received money from his father and dying uncle. SA Tisch characterized these specific statements as nonsensical, without saying why or providing additional details. SA Tisch confronted Mr. Wittenberg about not living at the Flores Dr. address, at which point both Mr. Wittenberg and his mother stated that the Flores Dr. address was their mailing address. SA Tisch advised Mr. Wittenberg that using this address was a violation of federal law. Mr. Wittenberg allegedly continued to make claims that his real address was not easily searchable, and the police often showed up at the wrong address when called. SA Tisch incidentally did just that when he approached the wrong door. SA Tisch then noted in his report that Mr. Wittenberg expressed a "desire" to live off the grid. SA Tisch recognized this term to mean "not easy to locate."

SA Tisch advised Mr. Wittenberg that he wanted to inspect the remaining firearms to prove that Mr. Wittenberg was not straw purchasing. Mr. Wittenberg said he would collect the firearms. SA Tisch did not ask Mr. Wittenberg for any details about the firearms he claimed to have sold, nor did he ask to see if Mr. Wittenberg had any documentation of those transactions. SA Tisch left Mr. Wittenberg his card and asked Mr. Wittenberg to call him. Mr. Wittenberg did not call SA Tisch, nor did SA Tisch follow up with him.

Mr. Wittenberg was indicted on May 8, 2024, on twenty-one counts of Making a False Statement in Connection with Acquisition of Firearms in violation of 18 USC §

3

924(a)(1)(A) and one count of Engaging in the Business of Dealing Firearms without a License in violation of 18 USC § 922(a)(1)(A) and § 924(a)(1)(D).

On November 6, 2025, the Government filed a Notice of Intention to Use 404(b) Material, and on November 7, 2025, it filed a Supplemental Notice. The two Notices established the Government's intent to introduce evidence that Mr. Wittenberg purchased six firearms from USA Pawn and Jewelry between June 20, 2023, and September 17, 2023.[1] They also established the Government's intent to introduce evidence that Mr. Wittenberg reported to the Tucson Police Department in July 2023 that property was stolen from a Richey Blvd. address. Around the same time, the Government disclosed a police report for the July 2023 incident. The police report states that Mr. Wittenberg called the Tucson Police Department on July 29, 2023, to report that a camera was stolen from 2623 N. Richey Blvd. The report lists that address as the "incident location" and lists 2627 N. Richey Blvd as Mr. Wittenberg's "Contact" address.

On November 12, 2025, the Government issued a superseding indictment charging twenty-three counts of Making a False Statement in Connection with Acquisition of Firearms in violation of 18 USC § 924(a)(1)(A) and one count of Engaging in the Business of Dealing Firearms without a License in violation of 18 USC § 922(a)(1)(A) and § 924(a)(1)(D). Ultimately, all six firearms identified by the Government's 404(b) Notices were named in the Superseding Indictment in connection with alleged false statements.

---

[1] Specifically, the following firearms: a Glock, model 19, 9mm pistol with serial number BUKK296 purchased on 9/17/23; a Glock, model 29, 10mm pistol with serial number BWKC376 purchased on 6/28/23; a HWM/EAA .357 Mag Revolver purchased on 8/26/23; a Glock, model 44, .22 long rifle purchased on 8/25/23; a Glock, model 27, .40 caliber pistol purchased on 8/25/23; and a Smith & Wesson SD4ove .40 caliber pistol purchased on 6/20/23.

## II.    Law and Argument

Federal Rule of Evidence 404(b) prohibits evidence of a person's other crimes, wrongs, or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The "rule is one of inclusion" in that "other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).

To determine admissibility of other acts evidence under Rule 404(b), the proponent must show that (1) the evidence tends to prove a material point in issue; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) if admitted to prove intent, the act is similar to the offense charged. *United States v. Hollis*, 490 F.3d 1149, 1153 (9th Cir. 2007) (quoting *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002)). If the evidence meets this test, the court must then determine whether the probative value of the evidence is substantially outweighed by its prejudicial effect under Rule 403. *United States v. Nelson*, 137 F.3d 1094, 1107 (9th Cir. 1998).

With respect to the relevance requirement—materiality—the government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Mehrmanesh*, 689 F.2d at 830. In addition, the prosecutor must give notice of the intent to introduce such evidence and articulate in the

5

notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose. *See* Fed. R. Evid. 404(b)(3)(B)

> A. *The fact that Mr. Wittenberg reported a theft at the Richey Blvd. address is immaterial to this case, and in any event, it is cumulative, likely to confuse issues, and likely to mislead the jury.*

The Government has not established that Mr. Wittenberg's reporting of a stolen camera in the parking lot of 2623 N. Richey Blvd. is material to the allegations of purchasing firearms with a false address or dealing firearms without a license. In fact, the Government has not explained in its filings precisely how it intends to use this evidence at all. *See Mehrmanesh*, 689 F.2d at 830. The camera-theft incident establishes that Mr. Wittenberg was present at a residence on Richey Blvd. on July 29, 2023, and that a theft occurred there. The fact that the report lists 2627 N. Richey as Mr. Wittenberg's "Contact" address does not mean that it was the "correct" address for purposes of ATF Form 4473, as the Government asserts in its 404(b) Notice.

Moreover, even if the reported theft on Richey Blvd. is material to this case, it is cumulative, prejudicial, and likely to confuse the jury. At trial, the Government is likely to elicit through SA Tisch that Mr. Wittenberg was present at 2627 N. Richey Blvd. on September 26, 2023. The government is also likely to introduce statements by Mr. Wittenberg's grandmother that Mr. Wittenberg had not lived at the Flores Dr. residence "for approximately four years," and that he in fact lived on Richey Blvd. with his mother. It is thus cumulative to introduce a police report further establishing that Mr. Wittenberg lived at and/or could be contacted at 2627 N. Richey Blvd.

Moreover, introducing evidence of the camera-theft incident will require the Government to call a Tucson Police Officer to testify. The jury will thus hear that Mr. Wittenberg has had a separate but entirely unrelated police contact, which is inherently prejudicial. Although Mr. Wittenberg was not suspected of criminal wrongdoing in the July 2023 incident, the fact of police contact alone is enough to give rise to negative inferences about him.

Finally, introduction of the camera-theft incident is likely to mislead the jury. The Government's own 404(b) notice establishes why. The Government characterizes the Richey Blvd. address as the "correct" address, but that is a legal conclusion and a critical issue in this case. It is unclear from the Tucson Police Department report about the camera theft what questions Mr. Wittenberg was asked about the Richey Blvd. address, if any, or what he was doing there at the time of the incident.

### III.    Conclusion

For the reasons stated above, Mr. Wittenberg respectfully asks the Court to preclude the Government from introducing evidence that Mr. Wittenberg reported property stolen from a Richey Blvd. residence in July 2023.

Respectfully submitted:                    November 20, 2025.


JON M. SANDS
Federal Public Defender

 *s/Cynthia Yializis and Elizabeth Hannah*
CYNTHIA YIALIZIS and ELIZABETH HANNAH
Assistant Federal Public Defender

*Attorneys for Defendant Wittenberg*

Respectfully submitted:                    November 20, 2025.

8

JON M. SANDS
Federal Public Defender

_s/Cynthia Yializis_
CYNTHIA YIALIZIS and ELIZABETH HANNAH
Assistant Federal Public Defender
*Attorney for Defendant Romero*