TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
RUSSELL BOATWRIGHT
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Julie.sottosanti@usdoj.gov
Russell.boatwright@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Robert Alan Wittenberg,<br><br>                    Defendant. | CR-24-02540-TUC-RCC (BGM)<br><br>MOTION *IN LIMINE* RE: FIREARM RECOVERIES |

The United States of America requests a pre-trial ruling on the firearm recoveries in this matter.  The defendant is charged with dealing firearms without a license. Multiple firearms purchased by the defendant were recovered by local law enforcement from other individuals during events unrelated to the defendant.  The government seeks to introduce evidence the firearms were recovered, the date and location of recovery, and the name of the individual from whom the firearm was recovered.  The government does not seek to admit any details of the underlying offenses leading to the firearm recoveries. The probative nature of this evidence outweighs any prejudicial effect of this sanitized testimony.

I.      **Certification of Conferral:**

The government avows that it has conferred with defense counsel on this motion and the parties are unable to reach a stipulation. Defendant objects to the government's motion.

## II.    Facts:

The Bureau of Alcohol, Firearms, Tobacco and Explosives (ATF) received multiple requests to trace guns purchased by the defendant. These requests came from several different police departments, and the firearms were recovered from individuals other than the defendant. A total of eight firearms purchased by the defendant were recovered. The recovery dates ranged from only 24 days after the defendant's purchase to over a year after purchase.

ATF began an investigation based on the number of recoveries related to purchases by the defendant. They discovered that the defendant purchased twenty-three firearms between June and September of 2023. All firearm purchases were made with cash.

Agents went to speak with the defendant. They discovered he had not resided at the address listed on the firearm purchase documents in several years. They located him at his actual address and asked about the firearm purchases. The defendant told them that he sold five (5) of the firearms, but claimed he still possessed the remainder which were stored in an out-of-town recreational vehicle. The agent provided information so the defendant could show proof of the firearms at a later date. The defendant did not follow up with the agent.

The government now seeks a ruling that the firearm recovery dates, locations and names of individuals from which they were seized are admissible. The government does not seek to admit the underlying events, crimes, or prohibited status of the individuals located with the firearms.

## III.    Law and Argument:

- 2 -

The firearm recoveries are admissible because they are relevant to prove repetitive sales of firearms by the defendant, necessary to present a coherent story for the jury, and establish the defendant's knowing state of mind because he attempted to mislead agents about the number of sales.  In addition, evidence of the firearm recoveries is not unfairly prejudicial because the government is not seeking to admit the underlying facts and circumstances of the recoveries.

A.    The Firearm Recoveries are both Relevant and Necessary to the Government's Case

First, evidence that the firearms were recovered from individuals other than the defendant is necessary and relevant to the dealing without a license charge.  Evidence is relevant where it tends to make a fact of consequence more probable than not.  Fed. R. Evid. 401.  Here, the defendant's sales of firearms are at the heart of this charge.  The defendant admitted only five firearm sales when speaking with agents.  However, additional firearms were recovered after that conversation.  Therefore, the additional firearm recoveries are relevant as they establish the defendant had transferred more firearms than he admitted.  In addition, the jury can infer these additional firearms were also sold based on several factors including (1) a pattern of selling firearms, (2) the defendant's low income ($5000 per year) makes it unreasonable to believe he would part with the firearms without receiving payment, and (3) that the firearms were recovered from someone other than the defendant or his family.

B. The Probative Value is High because the Government Likely Fails to Meet its Burden Under the Corpis Delicti Doctrine Absent this Evidence.

Perhaps more importantly, this evidence is highly probative because the government potentially runs afoul of the corpus delicti doctrine absent the firearm recoveries.  The corpus delicti doctrine requires that a conviction must rest on more than a defendant's uncorroborated confession.  *United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017)(citations omitted).  "Although the government may rely on a

defendant's confession to meet its burden of proof, it has nevertheless been long established that, in order to serve as the basis for conviction, the government must also adduce some independent corroborating evidence." *Id*. Here, the government has evidence the defendant purchased an excessive amount of firearms within a short period of time. However, the proof that he sold those firearms outside of his own admission is the fact that multiple firearms were then recovered at different times from different people. The government is required to produce evidence that corroborates the defendant's confession. Therefore, the firearm recoveries are highly probative, and necessary, for the government to meet this burden.

C. <u>The Firearm Recoveries are Necessary to Present a Coherent Story to the Jury</u>

In addition, the firearm recoveries are necessary to present a coherent story for the jury. This investigation began as the result of multiple firearm recoveries reported to ATF, and the recoveries are inextricably intertwined with the dealing without a license charge. "[The jury] cannot be expected to make its decision in a void – without knowledge of the time, place, and circumstances of the acts which form the basis of a charge.'" *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995) (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)).

ATF agents would not have pulled firearm transaction records or interviewed the defendant without those firearm recoveries. This investigation would be nonsensical without information that the guns were recovered from other individuals on multiple different dates. Other courts have recognized this evidence is necessary in a dealing firearms without a license trial. See *United States v. Givens*, 2024 WL 4039579, at *3 (E.D. Okla. Sept. 3, 2024) ("The court acknowledges that the fact that the firearms were seized by law enforcement may be necessary for chain of custody purposes at trial. However, the underlying details of the crimes which led to their seizure is not necessary"); *United States v. Smith,* 2024 WL 4564550, at *3 ("The Government may

- 4 -

also present evidence of the location of each firearm when it was recovered, without eliciting information about crimes associated with the firearm's recovery.")

This Court should remain consistent with similarly situated trial courts which have found the exact evidence the government seeks to admit admissible.

### D. The Firearm Recoveries Contradict the Defendant's Statement to Agents

Agents questioned the defendant about his gun purchases in 2023. The defendant told agents at that time he only sold five of the firearms he had purchased. The defendant also told agents he was still in possession of the remaining firearms. However, additional firearms were recovered from individuals other than the defendant in 2024 and 2025, indicating the defendant attempted to mislead the agents about the actual number of firearms he sold. This is relevant to the defendant's knowledge that his conduct was unlawful and his consciousness of guilt. This is highly probative as the defendant's state of mind about the lawfulness of the sales is an issue in this matter.

### E. The Probative Value of the Firearm Recoveries Outweighs any Prejudicial Effect

The highly probative nature of the firearm recoveries far outweighs any possible prejudice. Evidence these firearms were recovered on multiple dates from different individuals is highly probative to the government's case, as outlined above. The government is not seeking to introduce any evidence about events leading up to the firearm recoveries. Nor is the government seeking to introduce evidence the majority of individuals in possession of these firearms were prohibited either by criminal history or age. The only evidence the government seeks to admit is the agency recovering the firearm, the location and date on they were recovered, and the name of the individual from which the firearm was seized. Given the sanitized nature of what the government seeks to introduce, the prejudicial effect of this testimony is low. However, the probative

value to the government's case is extremely high, to the point where it would be difficult overcome even the corpus delicti burden should such evidence be suppressed.

## IV.    Conclusion:

The firearm recoveries are highly probative to the government's case.  They are necessary for the government to corroborate the defendant's own statements about selling the firearms, present a coherent story to the jury, and establish the defendant's state of mind as to the wrongfulness of his actions.  The prejudicial value is low, especially since the government intends to avoid any testimony about the underlying offenses leading up to the recoveries.  Therefore, this Court should admit the evidence because the probative value far outweighs any danger of unfair prejudice in this case.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Julie A. Sottosanti*

JULIE A. SOTTOSANTI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 6th day of November, 2025, to:

All ECF participants